**PHONG THAN DANG, Petitioner–Appellant,**

v.

**William MERKLE; Attorney General of the State of California, Respondents–Appellees.**

**No. 98–55945.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2006.*

Filed Nov. 16, 2006.

David Haigh, Santa Ana, CA, for Petitioner–Appellant.

Michael Ian Garey, Esq., Santa Ana, CA, Frederick L. Mcbride, Esq., Orange, CA, Meagan J. Beale, Attorney General's Office, San Diego, CA, for Respondents–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

Before: REINHARDT and BYBEE, Circuit Judges, and BURNS **, District Judge.

MEMORANDUM ***

On August 20, 1998, Petitioner received a certificate of appealability ("COA") that allowed him to raise two issues: 1) whether "this case should be remanded to the district court for amendment of [his] petition to include newly-asserted, unexhausted claims of ineffective assistance of counsel"; and 2)" whether counsel was ineffective and [Petitioner's] Fifth Amendment rights were violated when counsel failed to object to admission of [Petitioner's] allegedly involuntary confessions on police deception grounds."

Petitioner expressly declined to address the second issue. *See* Grey Br. at 2 n. 1 ("Respondent also addresses the other issue certified for appeal, but [Petitioner] did not address that issue in the Opening Brief, [sic] and will not address it here." (internal citation omitted)); *see also* Red Br. at 21–23. Consequently, Petitioner has waived that issue. *See, e.g., Armentero v. I.N.S.*, 412 F.3d 1088, 1095 (9th Cir. 2005) ("Failure to raise an argument in an opening brief constitutes waiver."); *Mendoza v. Block*, 27 F.3d 1357, 1363 (9th Cir.1994) (similar); *see also* FED. R.APP. P. 28(a)(9)(A).

Similarly, Petitioner has waived any argument as to the first issue because he does not address his "newly-asserted, unexhausted claims of ineffective assistance of counsel" claims—namely, his claim that his trial and first appellate counsel was ineffective because he failed to

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

challenge: 1) the testimony of one of the shooting victims; 2) hearsay testimony; 3) a witness' impeachment; and 4) a search of Petitioner's bedroom.[1]  *See, e.g., Armentero,* 412 F.3d at 1095.

Accordingly, because Petitioner has failed to address any of the issues covered by his 1998 COA, his appeal as to those issues is dismissed with prejudice.

**DISMISSED.**

---

1.  Petitioner's briefs seek to raise a new ineffective assistance of counsel claim based on counsel's failure to challenge "the sufficiency of the evidence to support the finding that the Dragon Family had one or more of the crimes enumerated in section 186.22 as one of its primary activities, and was therefore a criminal street gang under [that] section." Because the 1998 COA—upon which our jurisdiction rests—does not cover this new issue, we decline to address it here and express no view as to Petitioner's ability either to seek leave from the district court to amend, refile or withdraw his habeas petition, or to seek leave from this court to file a second or successive petition raising that claim.